UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK,<br><br>     Plaintiff,<br><br>   v.<br><br>IYS VENTURES, LLC; MUWAFAK RIZEK; I MART STORES L.L.C.; LEANNE HOLDINGS LLC; AND KENAN ENTERPRISES, INC.,<br><br>     Defendants. | Case No. 1:23-cv-01368<br><br>Honorable Franklin U. Valderrama |

## STATUS REPORT

In accordance with the Court's May 23, 2023 Minute Order [Dkt. 15], Plaintiff The Huntington National Bank ("Huntington") submits this Status Report as follows:

**I.**   **Nature of the Case**

  **A.**   **Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

  For Plaintiff:  William J. Serritella, Jr. (Lead Trial Attorney)
          Yeoeun C. Yoon
          TAFT STETTINIUS & HOLLISTER LLP
          111 East Wacker Drive
          Suite 2600
          Chicago, Illinois 60601
          (312) 527-4000

  For Defendants:  No attorney has filed an appearance on behalf of Defendants.

  **B.**   **State the basis for federal jurisdiction.**

The Court has diversity jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and Huntington is a citizen of a different State than all Defendants. The Court also has subject matter jurisdiction under 28 U.S.C. § 1331 because this action asserts claims arising under federal law, including the Wire Fraud statute (18 U.S.C. § 1343) and the Bank Fraud statute (18 U.S.C. § 1344).

C. **Provide a short overview of the case in plain English (five sentences or less).**

Huntington alleges Defendants' scheme to defraud Huntington using Automated Clearing House ("ACH") transactions and wire transfers to overdraw funds from Huntington accounts. Defendant Muwafak Rizek ("Rizek"), a member and chief executive officer of Defendant IYS Ventures, LLC ("IYS Ventures"), opened IYS Ventures accounts at Huntington and made misrepresentations about IYS Ventures and his own finances to induce Huntington to provide IYS Ventures with an increased amount of immediate access to funds. Rizek then transferred funds via ACH transactions into IYS Ventures' Huntington accounts from accounts that he controlled at other financial institutions that did not have sufficient funds to ultimately complete the ACH transactions. While such ACH transactions were processing, Rizek then wire transferred pending funds out of IYS Ventures' Huntington accounts to accounts at other financial institutions belonging to other entities that he controlled, such as Defendant I Mart Stores L.L.C. ("I Mart"), Defendant Leanne Holdings LLC ("Leanne"), and Defendant Kenan Enterprises, Inc. ("Kenan"). This fraudulent scheme created overdrafts of over $1.8 million in the Huntington accounts.

D. **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Huntington asserts the following claims related to Defendants' aforementioned fraudulent scheme: breach of contract of IYS Ventures' applicable agreements with Huntington, fraud, wire fraud under 18 U.S.C. § 1343, bank fraud under 18 U.S.C. § 1344, civil conspiracy, conversion, and unjust enrichment, among others.

No counterclaims or affirmative defenses have been filed.

E. **What are the principal factual issues?**

(i) Whether Rizek made misrepresentations to Huntington about IYS Ventures' size, health, and/or cash flow, among other things;

(ii) Whether Rizek made misrepresentations to Huntington about Rizek's finances;

(iii) Whether Rizek owns, controls, and/or manages the entities from which he attempted to transfer funds to the IYS Ventures' Huntington accounts via ACH transactions;

(iv) Whether Defendants attempted to transfer funds from the other entities to the IYS Ventures' Huntington accounts via ACH transactions;

(v) Whether Rizek knew that the other entities did not have sufficient funds to honor the ACH transactions sending funds to IYS Ventures' accounts at Huntington;

(vi) Whether Defendants wire transferred funds from IYS Ventures' Huntington accounts to I Mart, Kenan, and/or Leanne;

(vii) The amount overdrawn from IYS Ventures' accounts at Huntington.

F. **What are the principal legal issues?**

(i) Whether IYS Ventures' overdraft from its Huntington accounts were in breach of its applicable agreements with Huntington;

(ii) Whether Rizek's misrepresentations about IYS Ventures' and his own finances induced Huntington to provide IYS Ventures with an increased amount of immediate access to funds;

(iii) Whether Huntington reasonably relied on Rizek's misrepresentations;

(iv) Whether Rizek made misrepresentations about IYS Ventures' and his own finances knowing their falsity;

(v) Whether Defendants acted in concert to engage in, or attempt or intend to engage in, a scheme to defraud Huntington.

G. **What relief is the plaintiff(s) seeking?**

Huntington seeks compensatory damages of the amount of funds overdrawn from IYS Ventures' accounts with Huntington, which total over $1,800,000.00. Huntington also seeks treble damages under 18 U.S.C. § 1964, which allows for threefold recovery of Huntington's damages for wire fraud (18 U.S.C. § 1343) and bank fraud (18 U.S.C. § 1344). Huntington also seeks punitive damages under its fraud claim. Finally, Huntington seeks attorney's fees and other

costs, as provided by the applicable agreements between IYS Ventures and Huntington and under 18 U.S.C. § 1964.

> **H.** **Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.**

Huntington has served Defendants IYS Ventures, I Mart, Kenan, and Leanne (the "Entity Defendants") via the Illinois Secretary of State pursuant to Federal Rule of Civil Procedure 4(h)(1)(A) and 4(e)(1), and 805 ILCS 5/5.25 (service of process on corporations) and 805 ILCS 180/1-50 (service of process on limited liability company). On April 25, 2023, the Illinois Secretary of State accepted Huntington's Affidavits of Compliance for Service to the Illinois Secretary of State ("Affidavits of Compliance") for each of the Entity Defendants. Huntington mailed, with confirmation of delivery, a copy of the each Entity Defendants' respective Affidavit of Compliance, Summons, and Complaint to the Entity Defendants at their registered addresses and principal office and/or manager addresses. Huntington received confirmation that the Entity Defendants received their respective Affidavits of Compliance, the Summons, and the Complaint on May 19, 2023.

Despite Huntington's diligent efforts, Huntington has not been able to locate or serve Rizek. On May 25, 2023, Huntington filed its Motion for Alternative Service to serve Rizek using alternative methods consistent with due process, the Federal Rules of Civil Procedure, and the Illinois Code of Civil Procedure. [Dkt. 16.] On May 26, 2023, the Court granted Huntington's Motion for Alternative Service. [Dkt. 18.]

On May 25, 2023, Huntington also filed a Motion to Stay the proceeding against IYS Ventures because IYS Venures filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. [Dkt. 17.] The Court granted the Motion to Stay Against IYS Ventures, but ordered the case to proceed as to the other Defendants. [Dkt. 19.]

4

On June 1, 2023, Huntington also filed a Motion to Stay Against Rizek after Huntington obtained information that Rizek filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois. [Dkt. 20.] The Court granted the Motion to Stay Against Rizek, but ordered the case to proceed as to the other Defendants. [Dkt. 21.]

The responsive pleading deadline for the served and non-stayed Defendants, I Mart, Kenan, and Leanne (the "Non-Stayed Defendants"), is June 9, 2023.

II. **Discovery**

    A. **Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.**

Huntington respectfully states that a discovery schedule is premature at this time because the Non-Stayed Defendants have not yet appeared in this case. The parties will propose a discovery schedule after such Defendants appear and respond to Huntington's Complaint.

    B. **How many depositions do the parties expect to take?**

The Non-Stayed Defendants have not appeared in this case. The parties will provide an answer after such Defendants appear and respond to Huntington's Complaint.

    C. **Do the parties foresee any special issues during discovery?**

At this time, Huntington does not foresee any issues during discovery.

    **D.**    **Rule 26(f)(2) requires the parties to propose a discovery plan.** *See* **Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics.** *See* **Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?**

Huntington respectfully states that a discovery plan is premature at this time because the Non-Stayed Defendants have not yet appeared in this case. The parties will propose a discovery plan after the Non-Stayed Defendants appear and respond to Huntington's Complaint.

**III.**    **Trial**

    **A.**    **Have any of the parties demanded a jury trial?**

Huntington has not demanded a jury trial.

    **B.**    **Estimate the length of trial.**

The parties will provide a response after the Non-Stayed Defendants respond to Huntington's Complaint.

**IV.**    **Settlement, Referrals, and Consent**

    **A.**    **Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing?**

Counsel for some of the Defendants have contacted counsel for Huntington for potential settlement discussions, which are still in the initial stages.

    **B.**    **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

Huntington does not request a settlement conference at this time.

    **C.**    **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

The parties do not unanimously consent to proceeding before a Magistrate Judge.

V. **Other**

    A. **Is there anything else that the plaintiff wants the Court to know?**

None at this time.

    B. **Is there anything else that the defendants wants the Court to know?**

N/A.

Dated: June 5, 2023                                    Respectfully submitted,

                                                                           **THE HUNTINGTON NATIONAL BANK**

                                          By:   */s/ William J. Serritella, Jr.*
                                                           One of Its Attorneys

William J. Serritella, Jr.
Yeoeun C. Yoon
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive
Suite 2600
Chicago, Illinois 60601
Telephone:   (312) 527-4000
Facsimile:    (312) 527-4011
Email:        wserritella@taftlaw.com
                yyoon@taftlaw.com

127268560v1