IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK, | ) ) ) | |
| Plaintiff, | ) ) | No. 23-cv-1368 |
| v. | ) ) | Judge Jeffrey I. Cummings |
| IYS VENTURES, LLC, MUWAFAK RIZEK, I MART STORES L.L.C., LEANNE HOLDINGS LLC, and KENAN ENTERPRISES, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants Leanne Holdings LLC and Kenan Enterprises, Inc.'s motion to vacate orders of default and default Judgment, (Dckt. #33). For the reasons set forth below, defendants' motion is denied.

### I. BACKGROUND

On March 6, 2023, plaintiff Huntington National Bank filed its complaint against defendants IYS Venture, LLC ("IYS"), Muwafek Rizek ("Rizek"), I Mart Stores, LLC ("I Mart"), Leanne Holdings LLC ("Leanne"), and Kenan Enterprises, Inc. ("Kenan"). (Dckt. #1). Rizek is the only identified Manager of IYS and Leanne, and he is also the President of Kenan. (Dckt. #1 ¶¶4–7). Plaintiff, who sought monetary relief, brought claims for breach of contract, bank fraud, wire fraud, conspiracy, and unjust enrichment. (Dckt. #1 at 29). On March 7, 2023, plaintiff issued summonses to defendants. (Dckt. #33 at 2). On April 25, 2023, the Illinois Secretary of State accepted plaintiff's affidavits of compliance for service for defendants I Mart, Leanne, and Kenan. (Dckt. #15).

1

On May 8, 2023, Gregory Stern, who is counsel for IYS, contacted plaintiff's counsel regarding this litigation. (Dckt. #35 at 1). Plaintiff's counsel sent Stern a copy of this complaint before the two parties discussed the case via video conference on May 10, 2023. (Dckt #35 at 10).[1] Plaintiff received confirmation of service on defendants on May 19, 2023. (Dckt. #24-1 at 3). As such, the responsive pleading deadline by which Leanne and Kenan were required to answer or otherwise plead was June 9, 2023. Fed.R.Civ.P. 12(a)(1); (*see* Dckt. #22 & #23).

The June 9 deadline came and went. On June 30, 2023, plaintiff filed a motion for entry of default against I Mart, Leanne, and Kenan (the "Defaulted Defendants"), which the Court granted on July 6, 2023. (Dckt. #24 & #26). In accordance with the Court's July 6, 2023 order entering a default against the Defaulted Defendants, plaintiff sent a copy of the July 6 order to the Defaulted Defendants via Federal Express and received confirmation of delivery. (Dckt. #35 at 3). On July 12, 2023, plaintiff filed a motion for entry of default judgment against the Defaulted Defendants. (Dckt. #27). On July 26, 2023, the Court granted plaintiff's motion, entered a final default judgment against the Defaulted Defendants and awarded plaintiff $5,829,551.10 in damages.[2] (Dckt. #29).

---

[1] Plaintiff asserts that Leanne and Kenan became aware of this litigation as of May 10, 2023 because: (1) the knowledge of Stern (IYS's counsel) was imputed to IYS; (2) Rizek gained knowledge as a Manager-Member of IYS; and (3) Rizek's knowledge was imputed to Leanne (for whom Rizek served as Manager and Registered Agent) and to Kenan (for whom Rizek served as President). (Dckt. #35 at 10); *Washington v. Parkinson*, 737 F.3d 470, 473 (7th Cir. 2013) ("an attorney is the agent of her client, and an agent's knowledge is imputed to her principal."); *Matter of Pubs, Inc. of Champaign*, 618 F.2d 432, 438 (7th Cir. 1980) ("If the president, vice-president or director of a corporation has knowledge or notice of a fact, knowledge of that fact is generally imputed to the corporation."); *In re Marriage of Mierlak*, 426 N.E.2d 1010, 1012 (Ill.App. 1981) ("notice to an attorney is notice to the client and knowledge of an attorney is knowledge of, or imputed to, the client notwithstanding whether the attorney has actually communicated such knowledge to the client.").

[2] Plaintiff's case against defendants Rizek and IYS is stayed pending resolution of each defendant's filed for bankruptcy. (Dckt. #19 & #21). Defendant I Mart is not party to the instant motion.

Leanne and Kenan filed this motion to vacate the default judgment entered against them almost a month later on August 23, 2023. (Dckt. #33).

## II. DISCUSSION

Leanne and Kenan argue that the Court must vacate its entry of default and default final judgment pursuant to Federal Rule of Civil Procedure 59(e) because they "have meritorious defenses to all of the claims asserted against them" and that they will suffer serious prejudice if the default judgment stands. (Dckt. #33 at 2-3). Plaintiff argues that Rule 60(b) applies to a motion to vacate default judgment but that, under either Rule, Leanne and Kenan have failed to demonstrate circumstances that entitle them to the relief they seek. (Dckt. #35 at 5–14). For the reasons stated below, the Court agrees with plaintiff and exercises its discretion to deny Leanne and Kenan's motion.

### A. Rule 60 Applies to Motions to Vacate Default Judgments.

Rule 55, which governs default and default judgments, states that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c). Despite adamantly asserting that their motion is solely governed by Rule 59(e) and not by Rule 60(b), (Dckt. #33 at 2; Dckt. #36 at 1), Leanne and Kenan cite no authority in support of their novel position that a motion to vacate the entry of a default judgment is governed by Rule 59(e). Rather than following defendants' uncharted path, this Court will stick with the plain, unambiguous text of Rule 55(c) and analyze defendants' motion under the standards applicable to Rule 60(b).

### B. Defendants' Motion To Vacate the Default Judgment Is Doomed By Their Failure To Even Argue, Let Alone To Show, That "Good Cause" Exists For Their Default.

Relief from a final judgment is granted under Rule 60(b) "only in exceptional circumstances," *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 860 (7th Cir. 2016), and

3

district courts have "discretion piled on discretion" in considering motions for such relief, *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (cleaned up). "In order to have a default judgment vacated, the moving party must demonstrate: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Wehrs*, 688 F.3d at 890, *quoting Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). "The burden of proof rests on the party moving to vacate the judgment." *Trade Well Int'l*, 825 F.3d at 861.

Leanne and Kenan, who do not even attempt to explain why they did not answer or otherwise plead in a timely manner, utterly fail to meet their burden of establishing "good cause" for their default. Indeed, the undisputed facts – as laid out in plaintiff's response – make it clear that "good cause" does not exist. To recap, Leanne and Kenan were properly served with the complaint and, in fact, were aware of this litigation even before they were served. Moreover, defendants had a three-week grace period between the deadline for them to answer or otherwise plead (June 9, 2023) and when plaintiff moved for the entry of a default (June 30, 2023) yet they still failed to participate in this litigation until August 23, 2023 (which was almost a month after the default judgment was entered on July 26, 2023). Leanne and Kenan do not dispute plaintiff's recitation of the facts in their reply and thereby waive any challenge to it. *See, e.g.*, *Bonte v. U.S. Bank*, 624 F.3d 461, 466 (7th Cir. 2010) (a party's failure to respond to its opponent's argument in the party's reply brief waives the party's challenge on the issue).

The Seventh Circuit has made clear that a party seeking to vacate a default judgment *must* show good cause in order to succeed. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020); *Wehrs*, 688 F.3d at 890; *Sun*, 473 F.3d at 811. Indeed, the Court has held that a district court abuses its discretion if it grants a motion to vacate a default judgment without finding that the party seeking vacatur has demonstrated good

4

cause. *Arwa*, 961 F.3d at 949–50. Without a showing of "good cause," defendants' assertion that they have a meritorious defense to plaintiff's lawsuit – even if well-founded – is immaterial. *See Taylor v. Bos. & Taunton Transp. Co.*, 720 F.2d 731, 733 (1st Cir. 1983) ("Even if we assume that B & T has a meritorious defense, this alone does not entitle it to relief from a default judgment . . . . [A] party who would have a default judgment set aside must show both that there is good reason for the default and the existence of a meritorious defense. . . . Even if B & T satisfied the latter requirement, it would not be entitled to relief because it failed to satisfy the former.") (cleaned up).

In sum: Leanne and Kenan are not entitled to relief under Rule 60(b).

### C. Leanne and Kenan Are Not Entitled To Relief Under Rule 59(e).

It is well settled that Rule 59(e) motions "should only be granted in rare circumstances," and the district courts exercise their sound discretion in deciding such motions. *Scott v. Bender*, 948 F.Supp.2d 859, 865 (N.D.Ill. 2013) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Even if the standards of Rule 59(e) governed this motion, this Court would exercise its discretion to deny it for three reasons.

First, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures"[3] (here, the failure to timely answer or otherwise plead), and that is exactly what Leanne and Kenan are attempting to use the Rule for here. Second, it is not "manifestly unjust" to allow the Court's entry of a default judgment to stand where defendants knew of this lawsuit prior to service, were properly served, failed to timely answer or otherwise plead, and still – months later – offer no justification for their procedural failure. *See Jefferson v. Briner, Inc.*, No. CIV A 305CV652, 2006 WL 3500960, at *1–2 (E.D.Va. Dec. 5, 2006) (finding no extraordinary

---

[3] *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999) (same).

circumstances that would render the entry of a default judgment "manifestly unjust" where a party's "failure to produce any evidence or meritorious defense in this matter is due to its own failure to file a responsive pleading after having been properly served with process."). Finally, Leanne and Kenan have failed to argue, let alone demonstrate, that the Court's entry of a default judgment against them was somehow marred by "a manifest error of fact or law." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).

In sum: Leanne and Kenan are not entitled to relief under Rule 59(e).

## CONCLUSION

For the foregoing reasons, defendants Leanne and Kenan's motion to vacate the orders of default and default judgment, (Dckt. #33), is denied.

**DATE: May 1, 2024**

_____
**Jeffrey I. Cummings**
**United States District Court Judge**